Image ID: D00020943D09

# SUMMONS

Doc. No. 20943

IN THE DISTRICT COURT OF Buffalo COUNTY, NEBRASKA
Buffalo County Courthouse
P.O. Box 520
Kearney          NE 68848 0520

Nancy S Harrington vs Nash-Finch Company

Case ID: CI 11    490

TO:  Nash-Finch Company

You have been sued by the following plaintiff(s):

   Nancy S Harrington

Plaintiff's Attorney:   Joy Shiffermiller
Address:                1002 G Street
                        Lincoln, NE 68508

Telephone:              (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JUNE 24, 2011     BY THE COURT: Sharon K Mauler
                                       Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Nash-Finch Company
   CSC-Lawyers Incorporating Service
   233 South 13th Street, Suite 1900
   Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

EXHIBIT A

## IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| NANCY S. HARRINGTON ) | |
| ) | |
| Plaintiff, ) | CASE NO. CI 11-490 |
| ) | |
| v. ) | COMPLAINT AND |
| ) | DEMAND FOR JURY TRIAL |
| NASH-FINCH COMPANY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

**COMES NOW** the Plaintiff, by and through her attorney, and for her cause of action against the Defendant, states and alleges as follows:

1. This is an action for damages against the Defendant for acts in violation of Plaintiff's rights as guaranteed under Title VII, 42 U.S.C. § 2000e et seq.; The Equal Pay Act, 29 U.S.C. §206(d); Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Nebraska Fair Employment Practice Act ("FEPA"), Neb. Rev. Stat. § 48-1104 et seq.; Nebraska Age Discrimination in Employment Act ("Neb. ADEA"), Neb. Rev. Stat. § 48-1001 et seq.; and civil rights as guaranteed under Neb. Rev. Stat. § 20-148; with Attorneys Fees pursuant 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 216(b); and Neb. Rev. Stat. § 48-1120 (2).

## VENUE

2. Plaintiff is a resident and citizen of Kearney, Buffalo County, Nebraska.

3. Defendant is a foreign corporation registered and authorized to do business under the laws of the state of Nebraska.

4. Plaintiff is a 55 year-old female. On or about November 1974, Plaintiff was hired by Defendant and the acts and events complained about therein arose out of her employment with Defendant in this county and thus venue is proper in Buffalo County.

## FACTS

5. Since November 1974, Plaintiff has been employed by the Defendant most recently as the Store Director and Manager at the Kearney, Nebraska location.

6. In December 2009, Mike Mills, President of Retail Operation for the Defendant visited the Kearney location. During that visit he commended the Plaintiff on her performance and how the store was doing.

7. On April 15, 2010, Birdie Augustyn, Produce Manager, disobeyed Plaintiff's directives regarding operation ours and scheduling for the seasonal greenhouse.

8. Plaintiff attempted to counsel Ms. Augustyn regarding her insubordination regarding Plaintiff's orders.

9. Upon being counseled by the Plaintiff, Ms. Augustyn began yelling at the Plaintiff and stated that she wanted to be transferred to a different store.

10. Plaintiff then gave Ms. Augustyn a written warning for her insubordination regarding the greenhouse procedure and for yelling at the Plaintiff during a counseling.

11. After writing up Ms. Augustyn, Plaintiff contacted her regional manager Bob Burell and explained what had happened with Ms. Augustyn. Mr. Burell stated that insubordination is grounds for termination and that he would contact the human resources department.

12. During the Plaintiff's conversation with Mr. Burell, he stated to the Plaintiff that "she had been in her position way too long and knew nothing else."

13. Plaintiff then received a phone call from HR manager Paul Kurland and explained the situation to him. Mr. Kurland stated that had the Plaintiff had failed to follow the direct orders of her supervisor she would have been terminated.

14. On or about April 23, 2010, Ms. Augustyn stated that it would be her last day and handed the Plaintiff her keys. Plaintiff offered to let Ms. Augustyn continue to work there, and offered to reach a resolution regarding Ms. Augustyn's insubordination earlier in the month.

15. Later that day Plaintiff contacted Mr. Burell who stated that he had received a resignation letter from Ms. Augustyn earlier that morning. Mr. Burell

again stated to the Plaintiff that she had "been there too long and knew nothing else."

16. Plaintiff asked Mr. Burell if Ms. Augustyn should be allowed to finish her shift. She was advised that she could instruct Ms. Augustyn to leave if she was resigning.

17. On or about April 26, 2010, Mr. Burell and Mr. Kurland came to the store and spoke with the associates. After speaking with the associates they spoke to the Plaintiff. They told the Plaintiff that they thought she wasn't working hard enough and that they were allowing Ms. Augustyn to work at the Holdrege store on a temporary basis.

18. On or about April 30, 2010, Mr. Burell, Mr. Kurland and Brenda Christensen met with the Plaintiff on her day off. They informed me that I was being demoted and would be transferred to the Holdrege store immediately to be placed as an assistant manager, making less money than she was as the store manager.

19. The Holdrege store is approximately 35 miles from the Plaintiff's home and from the Kearney location creating an 80 minute commute to and from work each day.

20. Plaintiff informed them that she wanted to discuss the transfer and demotion with her family before deciding. At that time, Plaintiff was told that she was a "wonderful grandmother."

21. Shortly after the Plaintiff was informed she was demoted, Shawn Albert, the former Holdrege store manager was at the Kearney store to replace the Plaintiff. Ms. Augustyn returned to work at the Kearney store in her prior position that same day.

22. On or about May 10, 2010, Plaintiff told Mr. Burell that the commute to the Holdrege store accompanied with the reduction in pay would not make accepting their offer feasible. Plaintiff asked for a position of some kind in the Kearney store if she must be demoted which was denied. Plaintiff was told that the way the Kearney store operated "was not their way of doing things."

23. Under the Plaintiff's management and direction, the Kearney location was the most profitable and largest store in the region. Plaintiff was given an annual bonus for her performance each year.

24. Despite the Plaintiff's excellent performance and being the most successful store in the region, Plaintiff was paid less than other male store directors and managers, specifically, but not limited to Shawn Albert when he was employed at the Holdrege location.

Employment Act, Plaintiff has been discriminated against when Defendant demoted the Plaintiff based on her age.

31. The foregoing actions of Defendant constitute a violation of the United States Age Discrimination in Employment Act and Nebraska Age Discrimination in Employment Act, Plaintiff has been discriminated against when Defendant paid the Plaintiff less than younger employees otherwise similarly situated to the Plaintiff based on her age.

32. As a direct and proximate cause of Defendant's discrimination, Plaintiff has suffered lost wages, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, and lost benefits in an amount to be determined at the time of trial.

### THIRD CAUSE OF ACTION
### (EQUAL PAY ACT)

33. Plaintiff incorporates herein as if fully set forth, the allegations contained in paragraphs one through twenty-one as though fully set out herein verbatim.

34. The foregoing actions of the Defendant were in violation of the Equal Pay Act, Plaintiff was paid less than males in the same position for performing the same work.

35. As a direct and proximate cause of Defendant's discrimination, Plaintiff has suffered lost wages in an amount equal to the difference between what

25.  On or about September 28, 2010, Plaintiff filed a complaint with the Nebraska Equal Opportunity Commission and the U.S. Equal Employment Opportunity Commission. Plaintiff has received a right to sue letter from the EEOC dated March 29, 2011.

## FIRST CAUSE OF ACTION
### (FEPA, TITLE VII)

26.  Plaintiff incorporates all allegations in paragraphs one through twenty-nine as though fully set out herein verbatim.

27.  The foregoing actions of Defendant constitute a violation of FEPA and Title VII, Plaintiff has been discriminated against when Defendant paid the Plaintiff less than similarly situated males based on her gender.

28.  As a direct and proximate cause of Defendant's discrimination, Plaintiff has suffered lost wages, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, and lost benefits in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### (AGE)

29.  Plaintiff incorporates all allegations in paragraphs one through sixteen as though fully set out herein verbatim.

30.  The foregoing actions of Defendant constitute a violation of the United States Age Discrimination in Employment Act and Nebraska Age Discrimination in

she was paid and that of her male counterparts. Plaintiff is entitled to an amount equal to the lost wages she is owed as liquidated damages.

**WHEREFORE**, the Plaintiff respectfully requests this Court to issue a judgment against the Defendant and:

- a) Lost wages and fringe benefits to date of trial;

- b) Reinstatement or front pay;

- c) Compensatory damages for emotional pain suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non pecuniary losses.

- d) Assess punitive damages against the Defendant to the maximum extent allowed by law;

- e) Assess liquidated damages against the Defendant to the maximum extent allowed by law;

- f) Award Plaintiff reasonable attorney fees and costs of this trial; and

- g) Award the Plaintiff such further relief as the Court deems just and proper.

Plaintiff hereby demands a jury trial in Kearney, Nebraska.

NANCY S. HARRINGTON, Plaintiff

By: /s/ Joy Shiffermiller
Joy Shiffermiller #18164
*SHIFFERMILLER LAW OFFICE P.C., L.L.O*
1002 G Street
Lincoln, NE 68508
(402) 484-7700
(402) 484-7714 (fax)

## PRAECIPE FOR SERVICE

TO THE CLERK OF SAID COURT:

Please issue a summons to Defendant, Nash-Finch Company, c/o CSC-Lawyers Incorporating Service Company, Suite 1900, 233 S. 13th St., Lincoln, NE 68508; and return the same with a copy of the Complaint to attorney for the Plaintiff, Joy Shiffermiller, at 1002 G Street, Lincoln, Nebraska, 68508, so that said summons may be served on Defendant by certified mail.

/s/ Joy Shiffermiller
Joy Shiffermiller

